James C. **ENGLAND**, Appellant **(Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1083S371.

Supreme Court of Indiana.

July 17, 1985.

Sam W. Litzenberger, Jr., Williamsport, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.), and from a habitual offender determination. Defendant-appellant was sentenced to a prison term of fifty years.

Appellant raises three issues on appeal: (1) whether the trial court improperly admitted evidence of crimes other than those charged; (2) whether the State failed to prove in the habitual offender proceedings that appellant's prior convictions constituted felonies; (3) whether appellant's confession was inadmissible because it was elicited in a custodial interrogation in the absence of sufficient warnings.

These are the facts pertinent to our decision to reverse. On July 21, 1982, appellant was arrested in Illinois based upon a burglary investigation in Vermilion County, Illinois. Indiana law enforcement officials were notified that property which matched the description of property stolen in this burglary in Warren County, Indiana, was in appellant's possession at the time of his arrest. The Indiana State Police interrogated appellant on October 20, 1982, at the Public Safety Building in Danville, Illinois. The following represents the totality of constitutional advisements of which the officer apprised appellant prior to the interrogation.

"I want to advise you of your basic maranda [sic] rights which I'm sure you are familiar of and you are aware that you do not have to talk to me and that anything you say can be used against you and you have the right to have an attorney present and you are aware of that?"

A. "Yes."

Appellant was not advised that if he could not afford an attorney one would be appointed for him prior to any questioning if he so desired or that he had the right to stop questioning at any time.

 Statements stemming from the custodial interrogation of a defendant are not admissible at trial unless the State demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Despite this blatant noncompliance with the *Miranda* procedural safeguards, appellant's confession was admitted into evidence at his trial over appellant's contemporaneous objection.

We do not deem this to be harmless error beyond a reasonable doubt. There is a reasonable probability that appellant's improperly admitted confession contributed to his conviction and thereby affected appellant's substantial rights. *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The effect on a jury of a pretrial inculpatory statement from appellant's own mouth is too persuasive to dismiss as harmless. *Staton v. State* (1981), Ind., 428 N.E.2d 1203. The other errors raised in appellant's appeal will not necessarily arise on retrial and therefore need not be addressed by this Court. The judgment of the trial court is reversed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.